# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 2:05-cr-0047-RCJ-GWF |
|---|---|
| Plaintiff, | ORDER **TO MODIFY CONDITION OF SUPERVISED RELEASE** |
| vs. | |
| JOHN PATRICK FIZEL, | |
| Defendant. | |

COMES NOW the defendant, JOHN PATRICK FIZEL, by and through his counsel of record, Nisha N. Brooks-Whittington, Assistant Federal Public Defender, and pursuant to 18 U.S.C. § 3583(e)(2) and Fed. R. Crim. P. 32.1, hereby moves this Honorable Court to modify a condition of his supervised release. This request is based on the Points and Authorities attached hereto.

DATED this 9th day of February, 2012.

    RENE L. VALLADARES
    Federal Public Defender

    By /s/ Nisha Brooks-Whittington
    NISHA BROOKS-WHITTINGTON
    Assistant Federal Public Defender

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

The statute governing the modification of conditions of supervised release, 18 U.S.C. § 3583(e)(2), provides that the court may "modify, ... the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release...."

On September 9, 2005, judgment was entered against John Patrick Fizel ("Mr. Fizel") for his plea of guilty to Bank Robbery, in violation of 18 U.S.C. § 2113(a). Mr. Fizel was sentenced to sixty-eight (68) months to the custody of the Bureau of Prisons and to a thirty-six (36) month term of supervised release. The Court further ordered that Mr. Fizel pay restitution in the amount of $2,563.00.

On January 28, 2010, Mr. Fizel commenced his term of supervised release in the District of Nevada. One of the conditions of Mr. Fizel's supervised release states that "[i]f this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment." Docket No. 21. To date, Mr. Fizel has complied with his restitution obligations but believes this condition should be modified. In this regard, the Presentence Investigation Report ("PSR") explained that restitution in the amount of $2,563.00 was mandatory and due to the Nevada State Bank ("the bank"). See PSR at 5, ¶ 13. The PSR further noted that the Federal Bureau of Investigation ("FBI") "agents found $2,546.00 in the defendant's pocket which should be credited towards his restitution." Id.

This Court addressed the issue of restitution at the sentencing hearing on September 9, 2005.[1] There, defense counsel explained that the money taken from the bank was recovered. The government agreed and further explained that it had not returned the money to the bank and therefore requested the Court's order reflect that restitution was due until the money was properly turned over to the bank. The Court agreed to order restitution and stated since the money was recovered it should be held in satisfaction of the restitution obligation once the funds are returned to the bank.

//

---

[1] Undersigned counsel ordered and listened to the audio recording from the sentencing hearing held on September 9, 2005. Upon the Court's request, undersigned counsel can provide the audio recording.

Undersigned counsel spoke with Assistant United States Attorney Andrew Duncan regarding this matter. A representative from the United States Attorney's Office, in turn, spoke with Malia Gregory, a representative from the bank. Ms. Gregory confirmed that the bank received $2,511.00 on January 11, 2007, which should be credited to Mr. Fizel's restitution obligation. Mr. Duncan also confirmed that the FBI charged a $35.00 fee for issuing the bank a check. Thus, Mr. Fizel was obligated to pay a remaining balance of $52.00 towards his restitution. To date, Mr. Fizel has paid $336.25 . Ex. 1. He has overpaid his restitution obligation by $284.25 and is entitled to a refund. The government also agrees that Mr. Fizel has fulfilled his restitution obligation and is due a refund. Consequently, Mr. Fizel requests this Court modify his terms of supervision to reflect satisfaction of his restitution.

**CONCLUSION**

In summary, Mr. Fizel respectfully requests this Court modify his condition of supervised release to reflect that he has satisfied his restitution obligation.

ORDER

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States Chief District Judge
Dated: This 21st day of February, 2012.